ARTHUR MARES, BY MRS. L. MARES, HIS MOTHER AND NEXT FRIEND

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

NON-LIABILITY OF STATE—*Board of Education of Chicago not an agency of the State.* The Board of Education of the City of Chicago is not an agency of the State, and the State is not liable for an injury sustained by a child, or pupil, on the play-ground owned, controlled and managed by the Board of Education.

Edward J. Brundage, Attorney General, for State.

This is a claim filed for Arthur Mares by Mrs. L. Mares, his mother and next friend. It appears from the declaration filed that on or about the 14th day of April A. D., 1920, there was a certain slide located in the playground of what is commonly known as the Corkey School located at 25th Street and Kildare Avenue in the City of Chicago, Cook County, Illinois. And it further alleged that said slide was owned by the Board of Education of the City of Chicago as an agency of the State of Illinois. It appears from said declaration that the said slide was in bad and unsafe condition so that parts of said slide were broken and splintered and that complainant while sliding, a splinter of the slide ran into one of his limbs and by the result of such accident the boy suffered great pain and inconvenience, and it is further alleged that two hundred dollars ($200.00) was expended in the endeavor to correct said injury. The State of Illinois, defendant, comes and defends said matter as above set forth and contends that said claim was not sufficient in law for the claimant to maintain his action.

It is the opinion of this Court that this is a claim in which there is no legal liability on the part of the State and that the doctrine of *respondeat superior* is not applicable to the State, and that in considering the claim the Court is of the opinion that it is not within the rules in which equity and social justice could be invoked. If there is any possible construction of the statutes or of the Constitution of the State wherein it could be considered that the Board of Education is or was in any way the agent of the State, that such agency if any could be construed, would be very remote and of such a nature as to make it unjust to place a burden on the taxpayers of the State in general.

It is therefore the opinion of the Court that the demurrer filed on the part of the State, should be sustained and the Court further finds that the claimant has no claim against the defendant that could be based upon equity or social justice.

It is therefore ordered by the Court that said claim be dismissed.